UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIENNE BUSH,

    Plaintiff,                           Civil Action No. 16-11761
                                         Honorable Laurie J. Michelson
v.                                         Magistrate Judge Elizabeth A. Stafford

LUMILEDS LLC, *et al*.

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS AND DENY PLAINTIFF'S MOTION
TO AMEND HER COMPLAINT [ECF NOS. 13, 21]**

**I.**    **INTRODUCTION**

Plaintiff Adrienne Bush, proceeding *pro se,* brings this action against Lumileds, LLC a/k/a Philips Automotive Lighting, its Director of Operations Thomas Stolzenfeld, and its supervisor Rhonda McKee-Hessel, alleging claims of race and sex discrimination, and retaliation. [ECF No. 1]. Defendants have filed a motion to dismiss or, in the alternative, for a more definite statement. [ECF No. 13]. In addition to responding to this motion, Bush filed a motion to amend her complaint. [ECF Nos. 16, 21]. Defendants oppose the motion to amend, stating that the proposed amendments do not cure the deficiencies of the operative complaint. [ECF

1

No. 22]. The Court agrees and recommends **GRANTING** defendants' motion to dismiss and **DENYING** Bush's motion to amend.

## II. BACKGROUND

Bush was a sales administrator at Lumileds since June 2010. [ECF No. 1, PageID 9]. Her initial complaint provides no factual detail of her claims, [ECF No. 1-8]; she appears to rely on the allegations in her EEOC charges, which are included with complaint. [*Id.*, PageID 9-12]. Her first charge was filed in September 2015 and apparently amended in December 2015 (471-2015-03330), and she filed another charge in November 2015 (471-2016-00543). [*Id.*].

Bush's EEOC charges allege that her supervisor approved her tuition reimbursement in August 2015, but after Bush wrote a letter later that month expressing disapproval of her performance review, she received notice the following month that her tuition approval had been rescinded. [*Id.*, PageID 9]. According to her November 2015 charge, her immediate supervisor, the vice president and the human resources director retaliated against for filing her earlier charge by placing her on a performance improvement plan (PIP). [*Id.*, PageID 10]. In her December 2015 charge, she added that after complaining of racial discrimination, her job was posted and she was told that she could reapply for it, and that she was

required to use vacation time instead of flex time even though flex time was supposed to be available to all employees. [*Id.*, PageID 12]. None of these charges identified sex discrimination; Bush checked only the boxes for race and retaliation. [*Id.*, PageID 9-12]. She identified the dates of the alleged discrimination as occurring between July and September 2015. [*Id.*]. The EEOC issued right to sue letters in May 2016, stating that it could not conclude that the information it had obtained established violations of the relevant statutes. [*Id.*, PageID 13].

In her proposed amended complaint, Bush adds allegations of racial discrimination dating back to 2012 and claims of harassment, but most of her allegations do not describe retaliation and harassment as being connected to her race or sex. [ECF No. 21-1]. For example, she alleges that she declined a new position in June 2012, and "[f]rom this point forward is when retaliation and harassment began." [*Id.*, PageID 205]. Bush describes work conflicts that she encountered thereafter, including an allegation that Stolzenfeld and McKee-Hessel terminated her contract in June 2012. [*Id.*, PageID 206]. She says that other managers asked the company president to continue her contract, and he agreed and expanded her work duties. [*Id.*]. Bush claims that, after McKee-Hessel declined her request for increased pay, the president gave her a raise, and she then

3

filed a whistleblower complaint with human resources against Stolzenfeld and McKee-Hessel alleging pay discrimination and racial bias. [*Id.*, PageID 206-07]. But Bush does not provide any allegations to support that her conflicts with McKee-Hessel and Stolzenfeld were motivated by racial discrimination. She states without explanation that Stolzenfeld threatened her in December 2013 with insubordination "due to [her] complaints about the wage discrepancies and additional biases which lead [*sic*] to the whistleblower complaint." [*Id.*, PageID 207-08].

Bush alleges that in February 2014, she received a negative performance review and was denied a raise and bonus, while a Caucasian sales administrator received her bonus. [*Id.*, PageID 208-09]. The proposed amended complaint does not state whether the other sales administrator received a negative performance evaluation. [*Id.*]. Bush claims that McKee-Hessel told her that the company did not pay overtime, which "is the same practice used on the Customer Service team which is also primarily African American." [*Id.*, PageID 209-10].

According to the proposed amended complaint, in January 2015, Bush requested authorization to take a class in the morning from May to August 2015, but McKee-Hessel denied that request. [*Id.,* PageID 210]. She states that two Caucasian individuals were allowed to work from home

4

"while taking care of another individual at home." [*Id.*, PageID 211]. Bush provides more detail about her tuition reimbursement being rescinded, stating that McKee-Hessel told her that such reimbursement is provided for employees in good standing. [*Id.*, PageID 212-13]. Bush avers that she discovered in September 2015 that her position had been posted on Monster.com, and her replacement was announced in October 2015. [*Id.*, PageID 213]. But Bush was apparently not terminated after her replacement was announced, as she was allegedly placed on a PIP in October 2015 after her replacement was chosen and was not terminated until January 2016, after the filing of her last EEOC charge. [*Id.*, PageID 214-16].

### III.   ANALYSIS

### A.

A motion to dismiss pursuant to Federal Rule of Civil 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Federal Rule of Civil Procedure 8(a)(2), the statement of the claim must be plausible. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437–38 (6th Cir. 2012).

Bush's motion to amend her complaint "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*

*v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

**B.**

The Court agrees with defendants' allegation that Bush did not exhaust all of pending or proposed claims. A plaintiff alleging discrimination under Title VII must exhaust all administrative remedies through the EEOC before bringing suit in federal court. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). The EEOC charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (citing 29 C.F.R. § 1601.12(b)). And "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Id.* An "EEOC complaint should be liberally construed to encompass all claims reasonably expected to grow out of the charge of discrimination." *Randolph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006). But in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002), the Supreme Court rejected a court of appeals' holding that "so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the purposes of liability." *Id.* at 114. It found that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or

7

refusal to hire are easy to identify" and constitute separate actionable unlawful employment practices. *Id.*

Here, Bush neither claimed sexual discrimination nor described any facts to support such a claim in her EEOC charge, and that claim should be dismissed. [ECF No. 1, PageID 9-12]. With respect to Bush's proposed amended complaint, the alleged discrimination, retaliation and harassment from 2012 through 2014 were not alleged in the EEOC charge, and cannot be described as growing out the allegations she set forth in that charge. *Jenkins v. Foot Locker Inc.*, No. 12-13175, 2014 WL 1977040, at *2 (E.D. Mich. May 15, 2014), *aff'd,* 598 F. App'x 346 (6th Cir. 2015) (plaintiff's allegations regarding discrete acts of discrimination in years prior to time period alleged in EEOC charge not properly exhausted).

Bush also did not file an EEOC charge after her termination to complain of that discrete employment action, which means that any claim of discriminatory or retaliatory termination has not been exhausted. Following the Supreme Court's ruling in *Morgan,* lower courts have held that terminations that occur at different times than the discrimination alleged in previously filed charges must be separately exhausted. *See, e.g., Moore v. Hexacomb Corp.*, 670 F. Supp. 2d 621, 632 (W.D. Mich. 2009); *Boyd v. Rich Prod. Corp.,* No. 10-2317-STA, 2011 WL 3585966, at

*5 (W.D. Tenn. Aug. 16, 2011); *Wells v. Steve Madden, Ltd.*, No. 3-15-0366, 2015 WL 4476597, at *2 (M.D. Tenn. July 22, 2015).

Consequently, Bush's sex discrimination claim should be dismissed, and the remaining unexhausted claims in her proffered amended complaint should be found futile.

### C.

Bush's exhausted claims as set forth in her initial complaint and her proposed amendment do not plausibly state a claim. In order to prove discrimination, Bush would have to show that she (1) belongs to a protected class; (2) suffered an adverse employment action; (3) was satisfying her employer's legitimate expectations; and (4) was treated differently from similarly-situated non-minority employees for the same or similar conduct. *Mitchell v Toledo Hosp.*, 964 F.2d 577, 581-83 (6th Cir. 1992). Alternatively, Bush must provide direct evidence which, if believed, would demonstrate that unlawful discrimination was least a motivating factor for the employer's actions. *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 650 (6th Cir. 2012). At the pleading stage, a court should not "infer that a defendant's decision-making regarding a plaintiff's employment was discriminatory simply based on the fact that the plaintiff is part of a protected class, as opposed to any other, non-discriminatory

basis." *Micca v. Compass Grp. USA, Inc.*, No. 3:14-CV-693-CRS, 2015 WL 3407348, at *3 (W.D. Ky. May 26, 2015). The complaint therefore must allege either direct evidence of discrimination or identify a non-minority employee who was treated more favorably than the plaintiff.

Bush does not allege sufficient facts to deem her discrimination claims plausible. She alleges no direct evidence of discrimination, only her beliefs that she was held to different standards than Caucasian employees and that she was denied tuition reimbursement due to her race. [ECF No. 1, PageID 9]. And while she claims that two Caucasian were allowed to work from home in order to care for others, her request to take off time to take a class is not equivalent; the Family Medical Leave Act, 29 U.S.C. § 2611 *et seq.*, protects an employee's right to take leave to care for a family member, but there is no protected right for leave to take a class.

With regard to her retaliation claim, Bush must allege a prima facie case by showing that (1) she engaged in protected conduct; (2) defendants knew of her exercise of her rights; (3) she suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse action. *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008); *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 639 (6th Cir. 2009). Here, Bush has not sufficiently alleged that

she suffered an adverse employment action. She claims that she was placed on a PIP after filing her EEOC charge, but as a matter of law, being placed on a PIP is not an adverse employment action. *Agnew v. BASF Corp.*, 286 F.3d 307, 310 (6th Cir. 2002); *Jones v. St. Jude Med. S.C., Inc.*, 823 F. Supp. 2d 699, 747 (S.D. Ohio 2011), *aff'd*, 504 F. App'x 473 (6th Cir. 2012).

On a final note, Stolzenfeld and McKee-Hessel cannot be held individually liable under Title VII because they are not "employers" who are subject to liability for discrimination. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (citing 42 U.S.C. § 2000e).

### IV. CONCLUSION

Because Bush's claims in her initial and proposed amended complaint are either unexhausted or fail to state a plausible claim, defendants' motion to dismiss [ECF No. 13] should be **GRANTED**, and Bush's motion to amend should be **DENIED** [ECF No. 21].

s/Elizabeth A. Stafford_____
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 9, 2017

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2017.

                          s/Marlena Williams
                          MARLENA WILLIAMS
                          Case Manager